Newton PAUL, Plaintiff–Appellant,

v.

WYETH PHARMACEUTICALS, INC., Defendant–Appellee.

No. 08–1472–cv.

United States Court of Appeals, Second Circuit.

May 5, 2009.

Steven Anthony Morelli, Law Office of Steven A. Morelli, P.C., Carle Place, N.Y., for Appellant.

Michael Delikat, Orrick, Herrington & Sutcliffe LLP (James H. McQuade, on the brief), New York, N.Y., for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Newton Paul appeals from an order of the United States District Court for the Southern District of New York (Brieant, J.), granting summary judgment in favor of defendant-appellee. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Plaintiff–Appellant Paul, a black man of Haitian descent, worked for Defendant–Appellee Wyeth Pharmaceuticals, Inc. ("Wyeth") from 2000 until September 2005. He brought this action against Wyeth alleging, *inter alia*, hostile work environment, constructive discharge, failure to promote, and disparate pay. The district court granted Wyeth's motion for summary judgment with respect to all claims. On appeal, Paul challenges only the dismissal of his claim for failure to promote.

Paul claims that, notwithstanding a number of promotions and salary increases from 2000 through 2003, he applied for or was passed over for five separate job opportunities between May and September 2005, and that each job was subsequently filled by a white person.

Applying the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the district court assumed that Paul made out a *prima facie* case of failure to promote, and determined, at the second stage, that Wyeth had proffered legitimate, non-discriminatory reasons for why Paul was passed over for each job. At the third stage, the district court concluded that Paul produced no evidence to indicate that Wyeth's stated reasons were a pretext for discrimination.

A *de novo* review of record in its entirety confirms the district court's ruling. At the third stage of the burden-shifting framework, "the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimina-

tion." *Stern v. Trustees of Columbia Univ. in N.Y.,* 131 F.3d 305, 312 (2d Cir. 1997). No rational fact finder could make such an inference in this case. Paul's evidence consists of only a single instance of a superior's use of a potentially racially-suggestive term. There is no evidence the superior in question participated in the decisions to choose other applicants over Paul. *See Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 94 (2d Cir.2001).

Finding no merit in Paul's remaining arguments, we hereby **AFFIRM** the judgment of the district court.